# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
### OWENSBORO DIVISION

**CIVIL ACTION NO: 4:17-CV-00109**

**ADVANTAGE INDUSTRIAL SYSTEMS, LLC**                              **PLAINTIFF**

**V.**

**ALERIS ROLLED PRODUCTS, INC., et al.**                              **DEFENDANTS**

<u>**MEMORANDUM OPINION AND ORDER**</u>

This matter is before the Court on Aleris Rolled Products' Motion to Dismiss the Original Complaint [DN 24], Motion to Stay and Compel Mediation [DN 21], and Motion to Dismiss the Amended Complaint [DN 40]. Fully briefed, these matters are ripe for decision.

## I. BACKGROUND

In October 2015, Plaintiff Advantage Industrial Systems, LLC ("AIS") and Defendant Aleris Rolled Products, Inc. ("Aleris") entered into a contract whereby Aleris would compensate AIS for work performed on property owned by Aleris in Lewisport, Kentucky. As part of the expansion of an existing rolling mill plant, AIS was hired to install equipment for two Continuous Annealing Lines with Pre-Treatment ("CALP") lines. AIS claims that it performed all of its obligations under the contract and now has filed this lawsuit claiming that Aleris failed to pay $1,518.610.79 owed from the project.

At this stage of the litigation, much of the disagreement between these parties concerns a mandatory mediation provision within the contract. The contract specifies, "Claims, disputes, or other matters in controversy arising out of or related to the Contract . . . . shall be subject to mediation as a condition precedent to binding dispute resolution." (Contract [DN 1-1] at 51.) "Litigation in a court of competent jurisdiction" was the selected method of dispute resolution. (*Id.* at 5.) Further instructions regarding mediation are also included:

> The parties shall endeavor to resolve their Claims by mediation which, unless the parties mutually agree otherwise, shall be administered by the American Administration Association . . . . A request for mediation shall be made in writing, delivered to the other party to the Contract, and filed with the person or entity administering the mediation. The request may be made concurrently with the filing of binding dispute resolution proceedings but, in such event, mediation shall proceed in advance of binding dispute resolution proceedings, which shall be stayed pending mediation for a period of 60 days from the date of filing, unless stayed for a longer period by agreement of the parties or court order.

(*Id.* at 51).

In accordance with the contract, AIS filed a request for mediation on March 15, 2017. (Resp. at 3.) The parties scheduled mediation proceedings through the American Arbitration Association ("AAA") and selected Gerry Stovall to serve as the mediator. Although mediation was scheduled to take place in August 2017, proceedings were postponed. No mediation has taken place to date, however a recent filing indicates it is schedule for March 14, 2018.

Instead, AIS filed this lawsuit on August 25, 2017 and then filed an Amended Complaint on November 14, 2017. In the Amended Complaint, AIS names Defendant Aleris, as well as Louisville General Contracting, LLC ("LGC") and Valley Electrical Consolidated, Inc., n.k.a. VEC, Inc. ("VEC"). Although the Amended Complaint only alleges wrongdoing by Aleris, AIS also brought LGC and VEC into the lawsuit because they also worked on the CALP line project in Lewisport. According to the AIS, LGC and VEC "may be claiming an interest in the Property and Project, and should therefore, be required to appear in this action and assert any and all claims, if any, they have or be forever barred." (Amend. Compl. [DN 1] ¶ 106.) VEC has filed a counterclaim against AIS and a crossclaim against Aleris.

Defendant Aleris filed two motions in response to AIS' Original Complaint. First, a Motion to Dismiss [DN 21] based on alleged deficiencies in the Complaint and, in the alternative, a Motion to Stay and Compel Mediation [DN 24] based on the terms of the contract

and the discretion of the Court. Before the Court could decide on either of these motions, AIS filed its Amended Complaint and Aleris filed a Motion to Dismiss the Amended Complaint [DN 40]. The Court will view each of these motions in turn.

## II. MOTION TO DISMISS THE AMENDED COMPLAINT

There are currently two motions filed by Aleris attempting to dismiss the claims of AIS. First, the Motion to Dismiss [DN 24] that Aleris filed after AIS's Original Complaint. Because Plaintiff AIS has filed an Amended Complaint since that Motion to Dismiss was submitted, Aleris' Original Motion to Dismiss will be deemed **MOOT**. Instead, this Court will rule on Aleris' Motion to Dismiss the Amended Complaint [DN 40].

In its Motion to Dismiss the Amended Complaint, Aleris argues the Complaint should fail based on Federal Rule of Civil Procedure 9(c) because AIS does not allege that it has complied with all conditions precedent to the institution of this litigation. Rule 9(c) sets forth special pleading requirements related to conditions precedent. According to Aleris, "[A]s a precondition to any form of binding dispute resolution, the parties are required to complete mediation before an AAA-qualified mediator, in the city of Lewisport, Kentucky." (Mot. to Dismiss Amend. Compl. [DN 40] at 8.) Aleris argues that because the Complaint does not allege that this condition precedent has been satisfied, the Compliant is deficient under Rule 9(c).

Aleris is correct that the contract includes a mandatory mediation provision. Section 15.3 states, "Claims, disputes, or other matters in controversy arising out of or related to the Contract . . . . shall be subject to mediation as a condition precedent to binding dispute resolution." (Contract [DN 1-1] at 51.) However, despite the use of the phrase, the mediation requirement is not a condition precedent to AIS's right to sue under the contract. Rather, the contract makes clear that it is not necessary that mediation occur before litigation is filed. "[A request for

mediation] may be made concurrently with the filing of binding dispute resolution proceedings but, in such event, mediation shall proceed in advance of binding dispute resolution proceedings." (*Id.*) Therefore, although the contract contemplates that mediation will take place before litigation proceedings, it is not required that this condition be satisfied before a complaint is filed. Since mediation is not a condition precedent to filing litigation, the Complaint is not subjected to the heightened pleading requirements of Rule 9(c) and this Aleris' Motion to Dismiss the Amended Complaint is **DENIED**.

### III. MOTION FOR STAY TO COMPEL MEDIATION

In the alternative, Defendant Aleris asks that the case be stayed and the parties be allowed to participate in mediation. According to Aleris, a stay is mandatory under the terms of the contract and within the discretion of the Court to grant. It requests a stay for a period of 90 days. AIS responds, claiming that it has tried to no avail to mediate with Aleris for many months now and Aleris has purposely delayed. For this reason, AIS asks that it be excused from compliance with the mediation provision as "mediation attempts to date have proved futile." (Resp. to Mot. to Dismiss and Mot. to Stay Case and Compel Mediation [DN 28] at 5.) However, if a stay is entered, AIS asks that the stay be for no more than 30 days.

According to the Terms and Conditions, mediation is required. Further, the agreement itself gives instructions about the timing of mediation and binding dispute resolution:

> [A request for mediation] may be made concurrently with the filing of binding dispute resolution proceedings but, in such event, mediation shall proceed in advance of binding dispute resolution proceedings, which shall be stayed pending the mediation for a period of 60 days from the filing, unless stayed for a longer period by agreement of the parties or court order.

(Contract [DN 1-1] at 51.)

The Motion to Stay and Compel Mediation is **GRANTED**. The Court finds that, in accordance with the provisions of the contract, this litigation should be stayed for 60 days in order to give the parties an opportunity to engage in mediation. During that time, the parties are to engage in mediation with their agreed upon mediator. Further, pursuant to the request of AIS, Magistrate Judge Brennenstuhl will oversee the mediation process, and if it is declared an impasse sooner than the expiration of 60 days, Magistrate Judge Brennenstuhl may lift the stay if appropriate.

## IV. Conclusion

For the reasons set forth above, **IT IS HEREBY ORDERED** that Aleris' Motion to Dismiss the Original Complaint is **MOOT**, Aleris' Motion to Stay and Compel Mediation is **GRANTED**, and Aleris' Motion to Dismiss the Amended Complaint is **DENIED**.

**Joseph H. McKinley, Jr., Chief Judge**
**United States District Court**

March 6, 2018

cc: counsel of record
    Magistrate Judge H. Brent Brennenstuhl