UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

CIVIL ACTION NO: 4:17-CV-00109

ADVANTAGE INDUSTRIAL SYSTEMS, LLC                              PLAINTIFF

V.

ALERIS ROLLED PRODUCTS, INC., et al.                           DEFENDANTS

<u>MEMORANDUM OPINION AND ORDER</u>

This matter is before the Court pursuant to an Order dated May 8, 2018 [DN 75] instructing the parties to brief the issue of realignment of the parties according to their real interests in the lawsuit. After careful consideration, the Court finds that the lawsuit must be **DISMISSED** for lack of subject-matter jurisdiction.

## I. BACKGROUND

The case arises from a dispute between a land owner and subcontractors involved in a construction project. Defendant Aleris Rolling Products, Inc. ("Aleris") sought to expand an existing rolling mills plant on its property in Lewisport, Kentucky. To accomplish this project, it hired several companies to perform the necessary work. Among them were Advantage Industrial Systems, LLC ("AIS"), Valley Electrical Consolidated, Inc. ("VEC"), and Louisville General Contracting, LLC ("LGC"). Due to complications and delays on the project, the relationships between the parties soured. AIS, VEC, and LGC have asserted a mechanic's and materialman's lien on the Lewisport property owned by Aleris, claiming that they are owed money for their work on the rolling mills plant expansion.

Plaintiff AIS initiated this lawsuit in federal court. Although the Amended Complaint only alleges wrongdoing by Defendant Aleris, AIS also included VEC and LGC as co-defendants. According to the Amended Complaint, VEC and LGC "may be claiming an interest

in the Property and Project, and should, therefore, be required to appear in this action and assert any and all claims, if any, they have or be forever barred." (*Id*. ¶ 106.) Moreover, while the Amended Complaint only set forth claims based in state law, AIS filed this lawsuit in federal court based on "complete diversity of citizenship between Plaintiff and Defendants." (Compl. ¶ 5). Plaintiff AIS is an Illinois limited liability company. AIS named as Defendants in this lawsuit: Aleris, a Delaware and Ohio corporation; VEC, an Ohio corporation; and LGC, a Kentucky limited liability company. Based on AIS's designation of the parties as Plaintiff or Defendants, there is indeed complete diversity of citizenship between all plaintiffs and all defendants, giving this Court federal subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a) unless the parties are realigned.

## II. APPLICABLE LAW

"[I]t is the court's responsibility to ensure that the parties are properly aligned according to their interests in the litigation." *Cleveland Hous. Renewal Project v. Deutsche Bank Trust Co.*, 621 F.3d 554, 559 (6th Cir. 2010). "If the interests of a party named as a defendant coincide with those of the plaintiff in relation to the purpose of the lawsuit, the named defendant must be realigned as a plaintiff for jurisdictional purposes. *Evanston Ins. Co. v. Hous. Auth. of Somerset*, 658 Fed. App'x 799, 803 (6th Cir. 2016). The Sixth Circuit has instructed that alignment should be based on the "primary dispute in the controversy, even where a different, legitimate dispute between the parties supports the original alignment." *Cleveland*, 621 F.3d at 559. Moreover, "Where diversity of citizenship is the sole ground of jurisdiction as here, the parties will be aligned in accordance with their real interest and if, upon such alignment, there is no diversity of citizenship between the parties on the opposite sides of the controversy, the suit will be dismissed." *Farr v. Detroit Trust Co.*, 116 F.2d 807, 811 (6th Cir. 1941).

## III. DISCUSSION

All of the parties who have appeared in this lawsuit have submitted briefs arguing their position on realignment – AIS and VEC oppose realignment while Aleris is in favor. Within those briefs, all parties acknowledge that the Court must evaluate whether realignment is appropriate by determining the "primary dispute" of the lawsuit. The parties disagree on what the primary dispute of this lawsuit is. AIS and VEC would have the Court believe that the purpose of this lawsuit is to establish the priority of the liens that each one holds against Aleris. Aleris characterizes the primary issue as "whether Aleris, on the one hand, or AIS and VEC on the other, are responsible for delays on the project and any damages associated with such delay." (Brief in Support of Realignment [DN 84] at 5.) In deciding this primary purpose, the Court has considered that the "facts which form the basis for realignment must have existed at the time the action commenced." *American Motorist Ins. Co. v. The Trane Co.*, 657 F.2d 146, 149 (7th Cir. 1981). However, that does not mean that Court is limited to reviewing only the Complaint. As long as the facts within other pleadings existed at the time that the lawsuit started back in August 2017, those documents may be taken into consideration as well.

When AIS originally filed this lawsuit, the primary purpose for doing so was to collect money owed by Aleris. It is clear that the relationship between AIS and Aleris broke down when work on the CALP line construction project did not go as planned. At the end of the project, AIS was not paid. Both AIS and Aleris felt that the other party did not hold up its end of the bargain. When mediation attempts were unsuccessful, AIS filed this lawsuit. AIS not only asked the Court to enforce its mechanic's and workman's lien but also sued for breach of contract and violation of the Kentucky Fairness in Construction Act. 119 out of the 120 paragraphs of AIS's Amended Complaint are dedicated to explaining the complicated backstory of the CALP line

project and all of the alleged misdeeds of Aleris. Aleris, in turn, filed a counterclaim blaming AIS for the problems on the CALP line construction project. Both parties claim that they are owed damages pursuant to the opposing party's breach of contract.

The priority of the liens of AIS and VEC is a secondary issue. This is demonstrated by the fact that VEC and the lien it held are only mentioned in one subparagraph of AIS's 120-paragraph Amended Complaint. It is also unclear whether the priority of liens will even be an issue in this litigation. AIS admits that VEC recorded two liens against Aleris with the Hancock County Court back in 2016 when its own lien was not recorded until 2017. The Court acknowledges that AIS "does not admit that [VEC's] lien has been perfected or that the amount of the lien is substantiated and/or correct." (Pl.'s Reply Brief [DN 87] at 4.) Yet, AIS has not presented any specific facts that would call into question the superiority of VEC's lien.

Therefore, when it comes to realignment of the parties based on their real interests in the litigation, the unpaid contractors seeking to collect money owed by Aleris (AIS, VEC, and LGC) must be aligned on one side of the controversy against their true adversary, Aleris. If the issue of priority of liens arises, that may be litigated as a secondary issue. The primary purpose of the lawsuit will be to determine which parties were responsible for the delays on the CALP line project, which parties breached their contractual obligations, and what fees Aleris owes to each contractor. These issues are appropriate for state court since Plaintiff VEC and Defendant Aleris are both Ohio corporations. Because the parties are no longer diverse, this Court does not have subject-matter jurisdiction over this action.

### IV. CONCLUSION

For the reasons set forth above, **IT IS HEREBY ORDERED** that Valley Electrical Consolidated, Inc. and Louisville General Contracting, LLC be designated as plaintiffs in this

matter. Because there is no longer subject-matter jurisdiction based on diversity of citizenship, this case must be **DISMISSED**.

**Joseph H. McKinley, Jr., Chief Judge**
**United States District Court**

June 18, 2018

cc: counsel of record